WESTLAKE v. MARRIN et al.

(Circuit Court, E. D. Pennsylvania. February 15, 1910.)

No. 231.

EQUITY (§ 412*)—REFERENCE TO MASTER—EXAMINATION OF PARTIES PRO INTERESSE SUO—REMAND.

Where, in a suit involving title to real property, an order was made for the examination of certain claimants of an interest therein pro interesse suo, and they filed no answer to the petition, order, and affidavits, and offered no proof in their own behalf, and it appeared that they did not fully understand what was required of them, the master's finding, on the evidence introduced, that the claimants had no title to the property, and that it belonged to complainant as administrator, would be set aside, and the record referred back to the master for further proceedings.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 924–926; Dec. Dig. § 412.*]

Suit by Walter Westlake, as administrator of Caroline Barry, against Frank C. Marrin and others. On the master's report, following an examination pro interesse suo. Case remanded to master for further proceedings.

William P. Maloney, for complainant.
John McConaghy and Hampton L. Carson, for respondents.

HOLLAND, District Judge. This is a petition, filed by the complainant in the original suit above mentioned, upon which this court made an order for the examination of certain parties pro interesse suo, and appointed Henry M. Tracy master for the purpose of conducting this examination. Certain parties, to wit, Eugene C. Bonniwell, Benjamin T. Welsh, Franklin Lyle, James R. Shoch, Edward P. Doyle, and Thomas Killough, claimed an interest in property which had been conveyed to Walter Westlake, the above-mentioned complainant, by Marrin and wife, under a decree of this court some time ago, and subsequently to acquiring title Westlake attempted to sell this property so claimed in Philadelphia at public sale, when these parties asserted their claim under an alleged contract of sale which they had placed of record in this city.

The parties appeared before the master, but did not present any evidence of their title, nor did they controvert any of the allegations set forth in the original bill above mentioned, filed in this court, upon which the decree was made directing Marrin to convey the property to the complainant. The master, upon the evidence submitted by complainant, came to two very important conclusions in connection with this proceeding. The first is that this court had jurisdiction to make this order for an examination pro interesse suo; and, second, he found that the claimants to this property had no title whatever, but that it belonged to the complainant, as administrator of Caroline Barry, deceased.

I regard the statement of these two important findings as sufficient for such disposition of the case as the record as it now stands seems

to warrant.   At the argument it appeared that the parties claiming an interest in this real estate did not fully understand what was required of them.   At any rate, as stated by the master in his report, they "made and filed no answer thereto [that is, the petition, order, and affidavits in this proceeding] and offered no proof on their own behalf."   So that, while the findings of fact in the master's report may be justified from the evidence submitted to him, although upon this I express no opinion, yet it is clear that these parties have not had a hearing as to their title to this property, and, if this proceeding can be maintained in its present form, it is proper that they should be given a fair chance to present their proofs in support of their claim.

As this whole matter must go back to the master for the purpose of taking further testimony, in order that all the material facts may appear, and the claimants be given a chance to defend their title to the property in dispute, it is proper, we think, at the same time to have the master report on the matters of law which are properly raised on the record.   The report and whole record are referred back to the master for the purpose of passing upon the following questions:

1. As this proceeding is brought in the name of Walter Westlake, as administrator of the goods, chattels, and credits of Caroline Barry, deceased, can it be maintained in the United States courts sitting in Pennsylvania, he being an administrator deriving his authority as such from the courts of another state?

2. And, even if this proceeding could be amended, substituting Westlake as the record owner of this property, instead of Westlake, as administrator, etc., could he then, as owner, try the title to this real estate in this proceeding?

3. Can an examination pro interesse suo be had by any one, except a claimant for property, real or personal, in the hands of the court in sequestration proceedings, or by reason of the appointment of a receiver, or by some other means?

4. If this proceeding be restricted to a claim for property in the hands of the court, can the property in question be regarded as within the control of the court to an extent to enable it to settle the claim of title of parties in such a proceeding?

5. In case this proceeding is properly instituted, and can be maintained under the circumstances, are the claimants entitled to a decree in their favor upon the proofs they may see fit to offer, and, if entitled to a decree, the form thereof?